1   SMITH & WILLIAMS
    Attorneys at Law
2   P.O. Box 5133 CHRB
    Saipan, MP 96950
3   Tel:    233-3334
    Fax:    233-3336
4
    Attorneys for Plaintiff
5

6

7           IN THE UNITED STATES DISTRICT COURT
                          FOR THE
8              NORTHERN MARIANA ISLANDS

9   MICHAEL W. KENNEDY dba MKI          |   Civil Action No. CV-03-0016
    AIRCONDITIONING and
10  REFRIGERATION,

11                  Plaintiff,          |   SETTLEMENT AGREEMENT
                                                      and
12          vs.                         |   CONSENT JUDGMENT THEREON

13  ROSALINA T. GABUTIN,

14                  Defendant           |   Date:   N/A
                                            Time:   N/A
15                                          Judge:  Alex R. Munson

16

17

18          The parties to this Settlement Agreement, Plaintiff Michael W. Kennedy dba MKI

19  Airconditioning and Refrigeration (MKI), and Defendant Rosalina T. Gabutin, wishing to settle

20  the dispute between them by agreement, do hereby stipulate that the following Settlement

21  Agreement shall be the full and final resolution of this case.

22

23                              **RECITALS**

24          **WHEREAS**, Defendant Rosalina T. Gabutin was hired by MKI as an Administrative

25  Assistant on or about February 8, 2001.

26

27

28

EXHIBIT
B

1       **WHEREAS**, Defendant was responsible for preparing checks for Plaintiff's and Mr.

2  Joseph Chiles'[1] signatures, updating and maintaining account balances, preparing payable and

3  receivable accounts for payment. Defendant also had access to the checks drawn from MKI's

4  various bank accounts with First Hawaiian Bank.

5       **WHEREAS**, from the period covering June 8, 2001 through November 20, 2001,

6  Defendant prepared various checks drawn from these accounts for issuance to different payees.

7  Defendant then forged the signature on these checks, such that they appeared to have been signed

8  by the payee and/or by an authorized signatory of MKI and brought them to FHB for check

9  cashing. Defendant unlawfully obtained the cash equivalent of these checks through fraud,

10  converted and disposed the same for her own use, to the damage of Plaintiff.

11       **WHEREAS**, the settling parties, recognizing that the issues raised by this litigation are

12  not disputed and desiring to avoid further costly litigation, have agreed to settle the claims made

13  by Plaintiff on the terms and conditions set forth in this Settlement Agreement; and,

14       **WHEREAS**, Defendant agrees to pay to Plaintiff the sum of money equivalent to all

15  checks wrongfully and fraudulently issued and drawn against Plaintiff's bank accounts, which

16  she converted and disposed for her own use.

17       **WHEREAS**, Plaintiff agrees to accept the sum of money and release Defendant from

18  further liability and responsibility as alleged in the Complaint.

19       **WHEREFORE**, the settling parties agree as follows:

20

21                                        **AGREEMENT**

22     1.     <u>Settlement</u>. Subject to the terms, covenants, and conditions set forth in this

23  agreement, MKI and Rosalina T. Gabutin have agreed to settle the claims and other issues raised

24  in this Civil Action No. CV 03-0016.

25

---

26      [1] Managing Partner of Michael Kennedy at MKI until Mr. Chiles' resignation in

27  November, 2002.

28                                    Page 2 of 8

2.   Payment.

    a.   Principal.  Rosalina T. Gabutin, in consideration of the Release executed in this agreement by Plaintiff, hereby agree that she shall pay MKI, through MKI's counsel, Smith & Williams, the principal sum of Sixty-Eight Thousand Five Hundred Twelve and 14/100Dollars ($68,512.14).

    b.   Pre-Judgment Interest.  Rosalina T. Gabutin shall pay pre-judgment interest on the principal sum at a rate of Twelve Percent (12.0%) per annum beginning June 8, 2001 in the amount of Sixteen Thousand Six Hundred Seventy-Two and 52/100 Dollars ($16,672.52).

    c.   Attorneys' Fees.  It is agreed that the sum of Three Thousand Seven Hundred Forty-Two and 01/100 Dollars ($3,742.01) is a reasonable amount to be included in this Settlement Agreement as and for an amount of reasonable attorney fees that Plaintiff would have been entitled to receive from Defendant Rosalina T. Gabutin.

    d.   Post Judgment Interest.  It is agreed that the Plaintiff shall receive post judgment interest at a rate of Nine Percent (9.0%) per annum on the judgment amount.

3.   Consent Judgment.  The parties intend this Settlement Agreement to be submitted to the Court for review and that the terms and conditions set forth herein shall be incorporated in a stipulated Consent Judgment executed and ordered by the Court.

4.   Entry of Judgment.  It is further stipulated and agreed that judgment may be entered in accordance herewith by the Court without application and without notice to the other party.

5.   Continuing Jurisdiction.  The District Court for the Northern Mariana Islands shall have continuing jurisdiction over this matter to enforce any and all terms and conditions set forth in the Stipulated Judgment.

1       6.    <u>Release</u>. All parties to this settlement agreement agree and understand that, by

2  executing this agreement, they hereby forever release and discharge one another and their heirs,

3  executors, administrators, successors and assigns, of and from each and every claim, cause of

4  action and demand, of whatever kind and nature, whether known or unknown, arising out of the

5  dispute set forth in the Complaint filed in this action, including but not limited to, the claims

6  asserted in and any claim for attorneys' fees or costs, which they may have against the other

7  parties, or any of them, or any of their present and former agents, servants, employees, attorneys,

8  consultants, advisors, owners, partners, parents, heirs, administrators, executors, successors and

9  assigns, the parties, or any of them, or their heirs, administrators, executors, successors or

10  assigns, individually, collectively, or in any other manner, ever had, now have or hereafter can,

11  shall or may have, for, upon or by reason of any matter, cause, act or thing whatsoever from the

12  beginning of the world to the date of this agreement, except that each party may enforce this

13  Settlement Agreement according to its terms.

14       7.    <u>Warranty of No Assignment</u>. Plaintiff warrants and represents that it has not

15  assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or

16  any portion of any claim or interest in any claim that it may have had relating to the allegations

17  which is the subject of the agreement.

18       8.    <u>Agreement Binding</u>. This agreement and each and every term, covenant,

19  condition and effect of it, including the waiver, discharge and release contained in shall be

20  binding upon and shall inure to the benefit of the respective heirs, executors, administrators,

21  representatives, assigns and successors in interest of the parties to this agreement.

22       9.    <u>Time of the Essence</u>. All parties agree and acknowledge that time is of the

23  essence in this agreement.

24      10.    <u>Individual Warranty</u>. Each party to this agreement hereby acknowledges and

25  affirmatively represents and warrants that he/she has full legal capacity, power and authority to

26  enter into this agreement and that this agreement constitutes a valid and binding obligation as to

27

28                          Page 4 of 8

1  him or her enforceable in accordance with its terms.  Each settling party further represents that

2  his or her attorney of record has been authorized to enter into this agreement on his or her behalf

3       11.   Rules of Construction.  In entering into this agreement, the parties represent that

4  the terms of this agreement have been completely read, translated and explained to them by their

5  attorneys and that such terms are fully understood and voluntarily accepted by them.  Each party

6  and counsel for each party has reviewed and negotiated this agreement, and accordingly, the rule

7  of construction to the effect that any ambiguities are to be resolved against the drafting party

8  shall not be employed in the interpretation of this agreement.

9       12.   Counterparts.  Counterparts of this agreement may be executed for the

10  convenience of the parties to this agreement and each counterpart shall be deemed to be an

11  original instrument.

12       13.   Choice of Law.  This agreement shall be construed in accordance with the laws of

13  the Commonwealth of the Northern Mariana Islands.

14       14.   Enforcement of Agreement.    If any party to this agreement shall be required to

15  seek the assistance of the Court to enforce any portion of this agreement, then the prevailing

16  party shall be entitled to recover his costs including his attorney fees from the other party.

17       15.   Amendment.  This agreement may not be amended or altered except by an express

18  writing signed by the parties.

19       16.   No Waiver.  The failure by any party to this agreement to insist upon strict

20  performance of any of the terms and conditions of this agreement shall not be deemed a waiver

21  of any of the rights or remedies that such party may have, and shall not be deemed a waiver of

22  any subsequent breach or default.  To be effective, any waiver with regard to this agreement must

23  be in writing and signed by the party granting the waiver.  Any such waiver shall apply only to

24  the matter or instance specifically waived.

25       17.   Entire Agreement.  This agreement when executed and delivered, sets forth the

26  entire agreement between the parties to this agreement relating to the subject matter of this

27

28                           Page 5 of 8

1  agreement and supersedes any and all prior communications, agreements, and understandings

2  pertaining to the subject matter of this agreement, except at to those areas within this agreement

3  that requires any of the parties to enter into separate agreements.

4      18.   <u>Not Dischargeable Under U.S. Bankruptcy Law</u>.  Defendant Gabutin agrees and

5  acknowledges that this debt is not dischargeable under U.S. Bankruptcy law.

6      19.   <u>Attorneys' Fees</u>.  If either party to this agreement shall be required to seek the

7  assistance of the court to enforce any portion of this agreement, then the prevailing party shall be

8  entitled to recover his costs including his attorney fees from the other party.

9

10      **IN WITNESS WHEREOF**, the parties, through their respective counsel, have executed

11  this Settlement Agreement on the date so indicated.

12

13

14  MICHAEL W. KENNEDY                    ROSALINA T. GABUTIN
     DBA MKI AIRCONDITIONING
15   & REFRIGERATION

16  Date: 11/24/03                        Date: 11/24/03

17

18

19  MARK K. WILLIAMS
20   Attorney for Plaintiff

21

22  Date: 11.24.03

23

24

25

26  RECEIVED

27  NOV 2 6 2003

28                                        Page 6 of 8

     Clerk
     District Court
     For The Northern Mariana Islands

1

**ACKNOWLEDGMENT**

2 | COMMONWEALTH OF THE )
NORTHERN MARIANA ISLAND )

3 | )
SAIPAN, )

4 | NORTHERN MARIANA ISLANDS )

5

6  On this _24_ day of November, 2003, personally appeared before me, **ROSALINA T.**

7  **GABUTIN**, known to me to be the same person whose signature is subscribed to the foregoing

8  instrument, and I acknowledged that she executed the same voluntarily and for the purpose set

9  forth herein.

    IN WITNESS WHEREOF, I have hereunto set my hand and official seal the date written

10  above.

11

12

13                                          NOTARY PUBLIC

14                                          ERNIE SMITH
                                            ...lth of the Northern Mariana Islands

15  //                                      ...mission expires on the
                                            19 ...of ......., 200_

16  //

17  //

18

19  //

20

21  //

22

23  //

24  //

25

26  //

27

28                    Page 7 of 8

1      **CONSENT JUDGMENT ADOPTING SETTLEMENT AGREEMENT**

2           In accordance with the Settlement Agreement submitted by the parties to this litigation:

3           IT IS ORDERED, ADJUDGED, AND DECREED by the Court that Plaintiff recover from

4      Defendant the JUDGMENT SUM of **Eighty-Eight Thousand Nine Hundred Twenty-Six and**

5      **67/100 Dollars ($88,926.67).**  Upon said sum being paid to Plaintiff's counsel, Smith & Williams,

6      Defendant is fully discharged.

7           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the judgment sum shall

8      incur post judgment interest at a rate of Nine Percent (9.0%) per annum from this date forward until th

9      entire judgment is fully paid.

10           The District Court for the Northern Mariana Islands shall have continuing jurisdiction over this

11      matter to enforce any and all terms and conditions set forth in the Stipulated Judgment.

12

13      DATED   /-26-2003

14

15                                                        _____
16                                                        Alex R. Munson
                                                          Chief Judge of the District Court

17

18

19

20

21

22

23

24

25

26

27

28                                    Page 8 of 8